IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GINGER LYNN KIGHT,    §
            §
   **Plaintiff,**    §
            §
v.            §   **NO.  3:12-CV-4920-BF**
            §
CAROLYN W. COLVIN,    §
**Commissioner of Social Security,** §
            §
   **Defendant.**    §

## MEMORANDUM OPINION AND ORDER

   Plaintiff Ginger Lynn Kight brings this action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's ("Commissioner's") final decision denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act").  For the following reasons, the Court AFFIRMS the Commissioner's decision.

### Background

   Plaintiff alleges that she is disabled as a result of mental and emotional issues, depression, and an obsessive disorder.  After her application for SSI was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ").  That hearing was held on July 20, 2011.  At the time of the hearing, Plaintiff was 37 years old.  She has a limited education and past work experience as a retail clerk.  Plaintiff has not engaged in substantial gainful activity since December 11, 2009.

   The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI.  Although the medical evidence established that Plaintiff suffered from borderline intellectual functioning,

major depressive disorder, generalized anxiety disorder, separation anxiety disorder, and social phobia, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform a significant range of unskilled work at all exertional levels, but could not return to her past relevant employment.  Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was capable of working as a housekeeper/cleaner, an industrial dry cleaning bagger, and an industrial bakery racker -- jobs that exist in significant numbers in the national economy.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal district court.

## Legal Standards

A claimant must prove that he is disabled for purposes of the Social Security Act to be entitled to social security benefits.  *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).  The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled.  Those steps are that:

> (1)     an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2)     an individual who does not have a "severe impairment" will not be found to be disabled;

(3)     an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4)     if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5)     if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which

3

is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564.  The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### Issues

Plaintiff argues that:  (1) the assessment of her RFC is not supported by substantial evidence; (2) the ALJ's finding that she can perform other work in the national economy was based on an improper hypothetical question to the VE; and (3) the ALJ improperly evaluated the opinions of state agency medical consultants and medical experts.

### Analysis

<u>Residual Functional Capacity</u>

The ALJ determined that Plaintiff retained the RFC to "[l]ift and carry without limit; sit, stand, or walk . . . throughout an 8-hour workday; and otherwise perform the full range of work, except she is limited to jobs with a reasoning development level of one or two . . . . *She has no other nonexertional limitations*."  (Tr. at 13) (emphasis added).  Plaintiff contends that this RFC finding is "fatally flawed" and not based on substantial evidence because it does not include all of the functional limitations identified by Dr. Murray Lerner, Ph. D., a state agency medical consultant. (Pl. Br. at 11-13).

In a psychiatric review technique ("PRT") form completed on April 13, 2010, Dr. Lerner opined that Plaintiff had moderate restrictions in her activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration,

persistence, or pace. (*Id.* at 204). In a mental RFC assessment form completed the same day, Dr. Lerner indicated that Plaintiff was markedly limited with respect to her ability to understand, remember, and carry out detailed instructions and moderately limited in her ability to remember locations and work-like procedures, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others, but was not significantly limited in any other respect. (*Id.* at 190-91). The other medical evidence of record established that Plaintiff was diagnosed with an "unspecified developmental delay" when she was eight years old. (Tr. at 175). Her IQ scores place her in the mildly retarded range of intellectual functioning. (*Id.* at 177; *see also id.* at 288-90). Plaintiff attended special education classes in school, but was unable to complete the ninth grade. (*Id.* at 27, 157). She reads at the third grade level, and her math skills are at the second grade level. (*Id.* at 287). Plaintiff also suffers from depression and anxiety. (*See, e.g., id*. at 184, 310). However, Plaintiff's adaptive behavioral skills are intact. (*Id*. at 189). She is completely independent in activities of daily living, including bathing, dressing, grooming, and personal hygiene; can perform many household chores and prepare basic meals; has a driver's license and can drive without limitation; can shop for necessities, although she has to rely on clerks to give her correct change; and can place phone calls and memorize phone numbers. (*Id.* at 34, 36, 126, 187). Plaintiff also had been employed for three years at a K-Mart store and, while employed, was able to travel to and from work, demonstrate reliability, and understand, remember, and carry out at least simple instructions. (*Id*. at 29, 187, 287). She stopped working only when the store closed. (*Id.* at 30).

In his written decision, the ALJ found that Plaintiff's borderline intellectual functioning and other severe mental impairments result in moderate restrictions in activities of daily living, moderate deficiencies in concentration, persistence, or pace, and mild difficulties in maintaining social functioning. (Tr. at 16). The ALJ explained that his conclusions were consistent with conclusions reached by the state agency medical consultants, except in the area of social functioning, and other credible evidence of Plaintiff's mental impairments. (*Id.*). With respect to social functioning, the ALJ stated that he relied on information in the mental RFC assessment form which indicated that Plaintiff could interact adequately with coworkers and supervisors. (*Id.*). Plaintiff has not established that the record supports any additional limitations on her RFC. Nor has she shown that she was prejudiced by the ALJ's failure to explicitly include any additional findings from the PRT or the mental RFC form into her RFC. To the contrary, the ALJ's RFC determination limiting Plaintiff to jobs with a reasoning development level of one or two reasonably incorporates the mental functional limitations identified by the ALJ and is supported by substantial evidence. Accordingly, no remand is warranted. *See Bordelon v. Astrue*, 281 F. App'x 418, 422-23 (5th Cir. 2008) (per curiam) (to warrant remand, a claimant must show prejudice resulting from the ALJ's omission of the "paragraph B" limitations from the RFC and resulting hypothetical); *see also Jones v. Astrue*, No. 3:11-CV-3416-M-BH, 2013 WL 1293900, at *17-18  (N.D. Tex. Mar. 7, 2013), *rec. adopted*, 2013 WL 1296503 (N.D. Tex. Mar. 29, 2013) (ALJ's failure to incorporate the "exact language" of PRT into RFC did not require remand in absence of showing of prejudice); *Short v. Astrue*, No. 3:11-CV-713-N-BN, 2013 WL 655020, at *6 (N.D. Tex. Feb. 5, 2013), *rec. adopted*, 2013 WL 655022 (N.D. Tex. Feb. 22, 2013) (same); *Gonzalez v. Astrue*, 3:10-CV-2003-O-BF, 2012 WL

1058114, at *7 (N.D. Tex. Jan. 26, 2012), *rec. adopted*, 2012 WL 1065459 (N.D. Tex. Mar. 29, 2012) (same).

To the extent Plaintiff faults the ALJ for failing to make a "function-by-function" assessment of her RFC, her argument is similarly unavailing.  It is clear that the ALJ fully considered Plaintiff's mental impairments and all the relevant evidence of record in assessing her functional limitations. Even if the ALJ more fully described his rationale, there is no reason to believe that he would have found any additional functional limitations or that the outcome of this case would have been different.  Finally, there is no merit to Plaintiff's argument that the ALJ "succumb[ed] to the temptation to play doctor," (*see* Pl. Br. at 13), as there is sufficient evidence in the record to support the ALJ's RFC determination.

<u>Hypothetical Question to the Vocational Expert</u>

Plaintiff next contends that the ALJ's hypothetical question to the VE did not reasonably incorporate all of her disabilities as recognized by the ALJ.  (Pl. Br. at 7-11).  More specifically, Plaintiff argues that the ALJ found that she suffers from borderline intellectual functioning, depression, anxiety, and other severe mental impairments that result in moderate deficiencies in concentration, persistence, or pace, moderate restrictions in activities of daily living, and mild difficulties in maintaining social functioning (*see* Tr. at 16), but that the ALJ did not include such limitations in his hypothetical.  Rather, the ALJ asked the VE to consider the following:

> [L]et's look at a younger individual.  The individual has an eighth grade education, however the individual reads at the sixth grade level and performs math at the third grade level.  The individual has the same work history as Ms. Kight and the following residual functional capacity: the individual has no limits physically and can perform the full range [of] work, physically, but the individual's limited to jobs with a reasoning development level of 1 or 2 as defined in the

Dictionary of Occupational Titles.  Assuming the claimant's past work did not qualify as past relevant work, are there other jobs existing in significant numbers in the national economy that such a person could perform?

(*Id*. at 40).   In response, the VE testified that such an individual could perform work as a housekeeping cleaner, a bagger in the industrial dry cleaning and laundry industry, and a racker in the industrial bakery industry.  (*Id*.).  The ALJ relied on this testimony in concluding that Plaintiff could perform other work that exists in significant numbers in the national economy and, therefore, is not disabled under the Act.  (*Id*. at 18).  Plaintiff argues that the ALJ's reliance on the VE's testimony was unjustified because the ALJ erred in failing to incorporate all of her recognized disabilities into the hypothetical.  The Commissioner responds that the hypothetical accurately reflects the disabilities included by the ALJ in Plaintiff's RFC and that, even if the question erroneously omitted one or more of Plaintiff's limitations, the error was harmless because her counsel had the opportunity to correct any defects in the question at the hearing.  (Def. Br. at 6-7).

The Court agrees with the Commissioner.  The hypothetical to the VE closely tracked the ALJ's assessment of Plaintiff's RFC and, thus, reasonably incorporated the limitations found by the ALJ.  *Herring v. Astrue*, 788 F. Supp. 2d 513, 518 & n. 2 (N.D. Tex. 2011) (where ALJ considered social functioning limitation when determining RFC and RFC finding was supported by substantial evidence, it was not necessary that the ALJ directly include in his hypothetical a limitation for social functioning).

Further, even if the ALJ erred in failing to include one or more limitations in the hypothetical, such error would be harmless.  Under Fifth Circuit precedent, an ALJ's failure to incorporate all of a claimant's recognized disabilities into a hypothetical question is not reversible error where the

claimant's representative is afforded the opportunity to correct deficiencies in the question by mentioning or suggesting to the VE any purported defects in the hypothetical questions, "including additional disabilities not recognized by the ALJ's findings *and disabilities recognized but omitted from the question*." *Wise v. Barnhart*, 101 F. App'x 950, 951 (5th Cir. 2004) (per curiam) (emphasis added) (quoting *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994) (per curiam); *see also, e.g.*, *Gardner v. Massanari*, 264 F.3d 1140, 2001 WL 822457, at *2 (5th Cir. June 18, 2001) (per curiam) ("[Plaintiff] does not dispute that his non-attorney representative was allowed to cross-examine the VE regarding the ALJ's hypothetical question. Thus, even assuming, *arguendo*, that the ALJ's hypothetical question was deficient in the respects urged on appeal, affording [the claimant's] representative an opportunity to correct any perceived deficiencies precludes a finding of reversible error.").   Here, Plaintiff's attorney was afforded an opportunity at the hearing to cross-examine the VE in order to correct deficiencies in the ALJ's question by mentioning or suggesting to the expert any purported defects in the hypothetical.  (Tr. at 41-43).  Plaintiff's attorney was aware of Plaintiff's mental limitations and specifically questioned the VE about the reading and math abilities required for the jobs identified by the expert.  (*Id.*).  Although Plaintiff disputes that she had a real opportunity to correct the deficiencies in the hypothetical because her attorney did not know what limitations the ALJ would impose on her at the time of the hearing (Pl. Reply Br. at 5), this argument is contrary to Fifth Circuit authority.  *See Wise*, 101 F. App'x at 951; *Browning v. Colvin*, No. 3:13-CV-1562-D, 2013 WL 6242087, at *6 (N.D. Tex. Dec. 3, 2013) (rejecting identical argument).  Accordingly, any error in the ALJ's hypothetical to the VE was not reversible error.  *Harrison v. Colvin*, No. 3:13-CV-2851-D, 2014 WL 982843, at *5 (N.D. Tex. Mar. 12, 2014) (any error in failing to include recognized limitation in the ALJ's hypothetical question to VE is not reversible error where

9

plaintiff's attorney was afforded the opportunity to correct deficiencies in the hypothetical by mentioning or suggesting purported defects in the question); *Browning*, 2013 WL 6242087, at *6 (same); *Stephens v. Astrue*, No. Civ. A. H-10-3251, 2011 WL 6826828, at *11 (S.D. Tex. Dec. 28, 2011) (same).

<u>Medical Opinions</u>

Plaintiff also contends that the ALJ failed to properly evaluate Dr. Lerner's findings from the PRT form that Plaintiff is moderately limited in her activities of daily living, social functioning, and concentration, persistence, and pace, or the mental RFC assessment form, which reflects moderate limitations that were not included in the ALJ's RFC. (Tr. at 190-91, 204). State agency medical consultants, like Dr. Lerner, "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i) & 416.927(f)(2)(i). As such, their findings and opinions must be considered as opinion evidence. *Id.* Although not bound by the opinions of state agency medical consultants, an ALJ "may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 WL 374180, at *2 (SSA Jul. 2, 1996); *see also Renfro v. Astrue*, No. 3:09-CV-2400-M-BH, 2010 WL 3359571 at *8 (N.D. Tex. Jul. 27, 2010), *rec. adopted*, 2010 WL 3359565 (N.D. Tex. Aug. 25, 2010). Here, the ALJ's written decision clearly states that he gave "substantial weight" to Dr. Lerner's opinions that were consistent with the credible medical evidence and sufficiently explains his decision to reject Dr. Lerner's conclusion that Plaintiff had moderate limitations in social functioning. (Tr. at 16). The ALJ fully complied with the regulations, and no error occurred in this regard. Even if the ALJ failed to consider a particular statement or opinion by Dr. Lerner, such error would be harmless. *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir.

10

2005) (ALJ's failure to articulate the weight given to two state agency medical consultants was harmless error because substantial evidence supported the ALJ's decision).  Dr. Lerner's ultimate conclusion that Plaintiff can understand, remember, and carry out simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors, and respond appropriately to changes in a routine work setting (Tr. at 192), supports the ALJ's determination that Plaintiff is not disabled.

### CONCLUSION

The final decision of the Commissioner is AFFIRMED in all respects.

SO ORDERED, March 31, 2014.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

11